UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARELI LUCERO MENDEZ, individually and on behalf of all others similarly situated,

                            Plaintiff,

     -against-

PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR, as individuals,

                           Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, ARELI LUCERO MENDEZ, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 4563 Third Ave., Bronx, NY 10458 and 2338 Bruckner Blvd, Bronx, NY, 10473.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ARELI LUCERO MENDEZ residing at Bronx, NY 10458, was employed by PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL from in or around November 2012 until in or around February 2022.

8. Defendant, PAPA HOTEL CORP. d/b/a JET SET HOTEL is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 4563 Third Ave., Bronx, NY 10458.

9. Defendant, WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 2338 Bruckner Blvd., Bronx, NY 10473.

10. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR are the owners of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

11. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR are agents of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

12. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR are responsible for overseeing the daily operations of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

13. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR have power and authority over all the final personnel decisions of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

14. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR have the exclusive final power to hire the employees of, including the Plaintiff.

15. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR have exclusive final power over the firing and terminating of the employees of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, including Plaintiff.

16. Upon information and belief, Defendants HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR are responsible for determining, establishing, and paying the wages of all employees of PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendant HARRY KUMAR was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

18. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as an employee of both PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

19. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job sites, and were both responsible for issuing Plaintiff her wages.

20. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL (i) hve purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had

employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on April 2022.  As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning April 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

23. Plaintiff ARELI LUCERO MENDEZ was employed by PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, as a hotel room cleaner while performing related miscellaneous duties for the Defendants, from in or around November 2012 until in or around February 2022.
24. Defendants own and operate JET SET HOTEL, located at 4563 Third Ave., Bronx, NY 10458 and 7 DAYS HOTEL, located at 2338 Bruckner Blvd, Bronx, NY, 10473.
25. When Plaintiff was hired in November 2012, she was hired to work at JET SET HOTEL.
26. However, in or around December 2019, Defendants moved Plaintiff to work at 7 DAYS HOTEL.
27. Regardless of which hotel employed Plaintiff, she was employed by the same individual Defendants.
28. Plaintiff ARELI LUCERO MENDEZ regularly worked six (6) days per week from in or around November 2012 until in or around December 2019, for the Defendant PAPA HOTEL CORP. d/b/a JET SET HOTEL.
29. During Plaintiff ARELI LUCERO MENDEZ's employment at PAPA HOTEL CORP. d/b/a JET SET HOTEL, Plaintiff regularly worked a schedule of shifts beginning at 10:00 a.m. each workday and regularly ended at approximately 11:00 p.m., or later, six (6) days per week/

4

30. Thus, Plaintiff was regularly required to work seventy-eight (78) hours or more hours per week during her employment with Defendant PAPA HOTEL CORP. d/b/a JET SET HOTEL.

31. Plaintiff ARELI LUCERO MENDEZ regularly worked four (4) days per week from in or around January 2020 until in or around February 2022, for the Defendant WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

32. During Plaintiff ARELI LUCERO MENDEZ's employment with Defendant WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, Plaintiff regularly worked a schedule of shifts beginning at 10:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, four (day) days per week.

33. Thus, Plaintiff was regularly required to work thirty-two (32) hours or more hours per week during her employment with Defendant WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL.

34. During the relevant statutory period, Plaintiff ARELI LUCERO MENDEZ was paid by Defendants the following hourly rates of pay:

    i.   Approximately $9.00 per hour for all hours worked from in or around April 2016 until in or around December 2018;
    ii.  Approximately $10.00 per hour for all hours worked from in or around January 2019 until in or around December 2019;
    iii. Approximately $11.00 per hour for all hours worked from in or around January 2020 until in or around December 2021; and
    iv.  Approximately $12.00 per hour for all hours worked from in or around January 2022 until in or around February 2022.

35. Although Plaintiff regularly worked seventy-eight (78) hours or more hours per week, from in or around April 2016 until in or around December 2019 during her employment by Defendants PAPA HOTEL CORP. d/b/a JET SET HOTEL, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Further, Defendants failed to pay Plaintiff ARELI LUCERO MENDEZ the legally prescribed minimum wage for all her hours worked from April 2016 until February 2022 for her work at both PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

37. Additionally, Plaintiff ARELI LUCERO MENDEZ worked in excess of ten (10) or more hours per day approximately six (6) days a week from in or around April 2016 until in or around December 2019, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

41. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

42. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

44. Collective Class: All persons who are or have been employed by the Defendants as hotel room cleaners or any other similarly titled personnel with substantially similar job

6

requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

47. Defendants suffered and permitted Plaintiff – and the Collective Class - to work while receiving rates of pay below the applicable minimum wage rate.

48. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

49. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

53. The claims of Plaintiff are typical of the claims of the whole putative class.

54. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

58. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

62. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

67. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

68. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

70. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

71. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

72. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

73. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

74. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

75. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

76. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

77. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of her applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

83. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
85. Defendants failed to provide Plaintiff with wage statements, upon each payment of her wages, as required by NYLL §195(3).
86. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid minimum wages;
d. Awarding Plaintiff's unpaid spread of hours compensation;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: April 13, 2022
       Kew Gardens, NY

                                    */s/ Roman Avshalumov*
                                    Roman Avshalumov (RA 5508)
                                    Helen F. Dalton & Associates, P.C.
                                    80-02 Kew Gardens Road, Suite 601
                                    Kew Gardens, New York 11415
                                    Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARELI LUCERO MENDEZ individually and on behalf of all others similarly situated,

                Plaintiff,

    -against-

PAPA HOTEL CORP. d/b/a JET SET HOTEL and WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL, HARRY KUMAR, PRAMOD CHADHA and VINOD KUMAR, as individuals,

                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**PAPA HOTEL CORP. d/b/a JET SET HOTEL**
4563 Third Ave., Bronx, NY 10458

**WHITESTONE HOSPITALITY LLC d/b/a 7 DAYS HOTEL**
2338 Bruckner Blvd, Bronx, NY, 10473

**HARRY KUMAR**
4563 Third Ave., Bronx, NY 10458

**PRAMOD CHADHA**
2338 Bruckner Blvd, Bronx, NY 10473

**VINOD KUMAR**
2338 Bruckner Blvd, Bronx, NY 10473